**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-4145**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

CLEMENT J. HOPE, a/k/a Qwan,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:08-cr-00030-RJC-1)

_____

Submitted: September 29, 2017                    Decided: November 13, 2017

_____

Before SHEDD, DUNCAN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Ross Hall Richardson, Joshua B. Carpenter, FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF NORTH CAROLINA, Asheville, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clement J. Hope appeals the 60-month revocation sentence imposed after we remanded his case to the district court for further proceedings on his supervised release revocation. Hope contends that this sentence is plainly unreasonable, both procedurally and substantively. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013); *see also United States v. Slappy*, 872 F.3d 202 (4th Cir. 2017). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). We first consider whether the sentence imposed is procedurally and substantively unreasonable, applying the same general considerations utilized in our evaluation of original criminal sentences. *Id.* at 438. In this initial inquiry, the court "takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). Only if we find the sentence unreasonable will we consider whether it is "plainly so." *Id.* at 657 (internal quotation marks omitted).

A supervised release revocation sentence is procedurally reasonable if the district court considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors applicable in revocation proceedings. *Crudup*, 461 F.3d at 439. The district court also must provide a statement of reasons for the sentence imposed, but that explanation "need not be as detailed or

2

specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010). In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2009). A revocation sentence is substantively reasonable if the court "sufficiently state[s] a proper basis" for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440.

We have reviewed the record and conclude that Hope's sentence is not plainly unreasonable. The district court indicated that Hope's sentence reflects the demonstrable need to protect the public from future crimes by Hope and to deter Hope from continuing to commit acts of violence against women. *See* 18 U.S.C. § 3553(a)(2)(B)-(C). The record also makes plain that the court chose the sentence because Hope's commission of new crimes amounted to a significant breach of the court's trust. *See* USSG ch. 7, pt. A(3)(b). Given that the district court identified these proper and persuasive reasons for the revocation sentence, we reject Hope's claim that the court committed reversible error.

For these reasons, we affirm the amended revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3